DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| JAMES P. CARROLL, | ) | |
| LIQUIDATION TRUSTEE OF THE | ) | |
| LIQUIDATION TRUST FOR THE | ) | Bankruptcy No. 3:07-30012 |
| BANKRUPTCY ESTATES OF | ) | |
| INNOVATIVE COMMUNICATION | ) | Adv. No. 3:09-3073 |
| COMPANY, LLC, EMERGING | ) | |
| COMMUNICATIONS, INC., AND | ) | |
| INNOVATIVE COMMUNICATION | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 2013-67 |
| JOHN TUTEIN, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

ATTORNEYS:

**Benjamin A. Currence, Esq.**
St. Thomas, VI
    *For James P. Carroll, Liquidation Trustee.*

**Jeffrey B.C. Moorhead, Esq.**
St. Croix, VI
    *For John Tutein.*

ORDER

**GÓMEZ, J.**

Before the Court is John Tutein's appeal of the Bankruptcy

Division's Order precluding presentation of certain evidence at

trial.

I. FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2009, Stan Springel, Chapter 11 trustee of

the bankruptcy estate of Innovative Communication Corporation

*Carroll v. Tutein*
*Civil No. 2013-67*
*Memorandum Opinion*
*Page 2*

("Innovative"), filed an adversary proceeding in the Bankruptcy

Division to recover pre-petition fraudulent transfers and

preferential transfers (the "transfers"). The complaint alleges

the transfers were made to John Tutein ("Tutein"), a former

Virgin Islands senator and vice president of Innovative. The

complaint further avers that the aggregate amount of the

transfers is $1,446,750 in Innovative property, made without

fair consideration or with the intent to hinder, delay, or

defraud a present or future creditor of Innovative. On June 20,

2013, the Bankruptcy Division entered an order precluding Tutein

from presenting or admitting evidence, testimony, or documents

that should have been disclosed in response to the trustee's

First Set of Interrogatories, Requests for Production, and

Requests for Admissions (the "discovery noncompliance order").

On July 5, 2013, Tutein filed a notice of appeal of the

discovery noncompliance order in this Court (ECF No. 1). On

August 30, 2013, James P. Carroll, the Liquidation Trustee of

the Liquidation Trust for the Bankruptcy Estates of Innovative,

filed a motion to strike the bankruptcy appeal (ECF No. 5.).

Carroll moved to strike the appeal on grounds that Tutein failed

to move for leave as required to file an appeal of an

interlocutory judgment.

*Carroll v. Tutein*
*Civil No. 2013-67*
*Memorandum Opinion*
*Page 3*

## II. DISCUSSION

To determine whether a district court has jurisdiction to hear an appeal of an order from the bankruptcy division, it is important to determine whether the order being appealed is a final or interlocutory. Under 28 U.S.C. § 158,

> [t]he district courts of the United States shall have jurisdiction to hear appeals
>> **(1)** from final judgments, orders, and decrees;
>> **(2)** from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>> **(3)** with leave of the court, from other interlocutory orders and decrees;
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a). While a district court automatically has jurisdiction to hear appeals from final orders, appeals from interlocutory orders generally require the appellant to obtain leave of the court. *See* Fed. R. Bankr. P. 8001(b) and 8003 (requiring that a motion for leave to appeal be filed with the clerk of the bankruptcy court for interlocutory appeals).

Unlike a final judgment, which determines the merits of the case, an interlocutory order decides an intervening matter. *See In re Shepherds Hill Dev. Co., LLC*, 316 B.R. 406, 413 (B.A.P.

*Carroll v. Tutein*
*Civil No. 2013-67*
*Memorandum Opinion*
*Page 4*

1st Cir. 2004); *see also In re Kashani*, 190 B.R. 875, 882

(B.A.P. 9th Cir. 1995); *see also Matter of Kutner*, 656 F.2d

1107, 1111 (5th Cir. 1981).

### III. <u>ANALYSIS</u>

Ordinarily, an order is final if it "ends the litigation on

the merits and leaves nothing for the court to do but execute

the judgment." *In re Shepherds Hill Dev. Co., LLC*, 316 B.R. 406,

413 (B.A.P. 1st Cir. 2004) (internal quotation omitted). For

example, orders denying a motion for extension of time to file a

notice of appeal or an order denying relief from judgment under

Rule 60(b) are generally considered final orders. *Id.* On the

other hand, an order setting a deadline within which to refile a

motion for leave to sue

> is interlocutory in nature, because the order does not
> finally dispose of the Debtors' cause of action. Instead,
> the order creates a specific period of time in which the
> Debtors have been afforded the opportunity to refile their
> motion for leave to sue, along with their proposed
> complaint, as required by the bankruptcy judge.

*In re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995).

Similarly, an order on a motion to convert proceedings from

Chapter 13 to Chapter 7 is an interlocutory order because it is

an "incidental procedural matter." *Matter of Kutner*, 656 F.2d

1107, 1111 (5th Cir. 1981).  "[D]iscovery orders are not final

decisions within the meaning of 28 U.S.C. § 1291 . . . .

[D]iscovery sanctions are not immediately appealable under 28

*Carroll v. Tutein*
*Civil No. 2013-67*
*Memorandum Opinion*
*Page 5*

U.S.C. § 1291, even when appealed by the party against whom the

sanctions have been assessed." *Henry v. St. Croix Alumina, LLC*,

416 F. App'x 204, 208 (3d Cir. 2011) (internal citations and

quotations omitted); *c.f. Berne Corp. v. Gov't of The Virgin*

*Islands*, 570 F.3d 130, 139 (3d Cir. 2009) ("We have jurisdiction

over this appeal under 28 U.S.C. § 1291. Our review of the

jurisdictional issue is plenary. Post-judgment orders of

contempt are within an appellate court's jurisdiction under 28

U.S.C. § 1291 as final and appealable orders.") (internal

citations omitted).

Here, the Bankruptcy Division's Discovery Noncompliance

Order sanctions a party for violating a discovery order. The

sanction precludes a party from introducing evidence that should

have been produced. The Discovery Noncompliance Order does not

finally determine the merits of the adversary proceeding; that

is, it does not end the litigation on the merits. Like an order

modifying a time period in *In re Kashani*, 190 B.R. 875, 882

(B.A.P. 9th Cir. 1995), the Discovery Noncompliance Order is

"interlocutory in nature, because the order does not finally

dispose of the Debtors' cause of action." *Id.*

Under 28 U.S.C. § 158(a)(3), this Court has jurisdiction to

hear appeals from interlocutory orders and decrees of bankruptcy

judges only if parties petition for and receive leave of the

*Carroll v. Tutein*
*Civil No. 2013-67*
*Memorandum Opinion*
*Page 6*

Court. 28 U.S.C. § 158(a). "Absent leave of court, [the district court] lack[s] jurisdiction over [an interlocutory order's] appeal." *In re Eagle*, 373 B.R. 609, 610 (B.A.P. 8th Cir. 2007). Tutein failed to request leave as required. Therefore, this Court lacks jurisdiction over the appeal of the discovery noncompliance order.

The premises considered, it is hereby

**ORDERED** that the appeal is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

S_____
**Curtis V. Gómez**
**District Judge**